# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

## CASE NO.: 0:21-cv-62056-RKA

_____X

ROSEMARY DALY, D.O.

        Plaintiff,

   v.

MARKEL SERVICE, INCORPORATED,

        Defendant.

_____X

### PLAINTIFF'S MOTION TO SEAL

Plaintiff, Dr. Rosemary Daly ("Dr. Daly" or "Plaintiff"), in accordance with Fed. R. Civ. P. 5.2(d) and Local Rule 5.4(b), respectfully moves for an order permitting the filing under seal of three documents described below which are currently referenced in, but not attached to the Plaintiff's Complaint. In support, of her motion, Dr. Daly states as follows:

### Factual Background of the Claims

1) Dr. Daly is a physician licensed to practice in the State of Florida. She is board certified in anesthesiology and interventional pain management. Her primary practice area is regenerative medicine. At all times relevant, she worked as an independent contractor in a clinic previously located in Coral Gables, Florida ("Coral Gables Clinic").

2) On or about May 30, 2018, a patient of the Coral Gables Clinic underwent a form

of regenerative therapy. Dr. Daly was not at the Clinic on May 30, 2018, and did not provide any services to this Patient. Nor did she supervise those who were the treatment providers.

3) Upon completion of the regenerative therapy, the Patient complained of illness. At no point did the Patient speak with Dr. Daly. At no point did any of the treatment providers confer with Dr. Daly about treatment options. At no point did Dr. Daly offer any advice on how to treat the Patient.

4) Nevertheless, in or about November 2018, Dr. Daly was named in a Notice of Intent to Initiate Litigation for Medical Negligence and Personal Injury pursuant to Fla. Stat. 766.106(2), 768.208(6)(a).[1] The Patient's attorney also served pre-suit discovery demands. In addition to Dr. Daly being named in this Notice, a doctor who had left the Clinic prior to May 30, 2018, was also named.

5) On or about January 31, 2019, the Patient's attorney served upon all proposed Defendants, including Dr. Daly, a written monetary demand with a Complaint seeking millions in damages ("Ex. A - Unfiled Complaint"), together with a demand that the parties proceed to mediation. Defendant Markel was also served with Ex. A - Unfiled Complaint.

6) The Ex. A - Unfiled Complaint was sixty pages exclusive of exhibits and included 297 paragraphs that detailed the Patient's claims and the circumstances of the alleged negligence and injury and named fifteen putative defendants.[2] Neither the Patient nor the fifteen putative defendants are parties to this action. The Ex. A - Unfiled Complaint made no allegations against Dr. Daly and did not seek any damages against Dr. Daly. In fact, Dr. Daly's name is not

---

[1] Plaintiff has not attached this document to her Complaint but understands that Defendant will seek to place this document before the Court under seal.

[2] Because of the sensitive healthcare information contained in this Complaint, Plaintiff will seek to file it under seal. For now, Plaintiff has filed an exhibit marker where Ex. A – Unfiled Complaint would otherwise be attached.

mentioned once in this document.

7) Nevertheless, Dr. Daly was advised by insurance coverage counsel that because she was named in a Notice of Intent, she should participate in pre-suit mediation. If not, she could be exposed to millions in personal liability if an action were filed.

8) The Patient's claim was resolved through pre-suit mediation. Dr. Daly executed the confidential settlement agreement and was given a release. There was no admission of wrongdoing on her part. No action was ever commenced.

9) The Settlement Agreement reached by the parties relating to this matter contains a Confidentiality clause that prohibits disclosure of the Agreement as well as any of the underlying factual allegations except, *inter alia*, as it pertains to any "lawfully issued subpoena or other legal process" or as may be necessary for the confidential use by a party's accountant or attorney.

10) Defendant Markel Service, Incorporated ("Markel" or "Defendant"), which is affiliated with one of the insurers (Evanston Insurance) with respect to the underlying claim, filed two reports with the National Practitioner's Data Bank ("NPDB") based on the settlement reached, one in April 2020 ("Ex. B – 04/21/2020 NPDB Report") and the other in March 2021 ("Ex. C – 03/24/2021 Report"). These two reports contain several statements that Dr. Daly had administered certain therapies to the Patient in May 2018, and that as a result, the Patient suffered a "permanent injury". The specific allegation by Markel was "improper performance" on the part of Dr. Daly.

11) As with Ex. A – Unfiled Complaint, the Plaintiff seeks to file these two reports under seal. For the present time, the Plaintiff has inserted exhibit marker B and C where these two exhibits would otherwise be attached.

12) Dr. Daly made several attempts to have Markel correct these false reports, but to no avail.

13) At all relevant times, Markel was aware of the falsity of the claims it made because it was in possession of the sixty page complaint submitted by the Patient's attorney long before its submission to the NPDB of these false reports. Moreover, notwithstanding its possession of this Complaint, it did nothing to correct its statement of "improper performance" on the part of Dr. Daly.

## Legal Argument and Supporting Authority

14) As noted above, Dr. Daly seeks to file the following exhibits under seal:

   a. Ex. A – Unfiled Complaint

   b. Ex. B – 04/21/2020 NPDB Report, and

   c. Ex. C – 03/24/2021 NPDB Report.

15) A Court may grant a protective order to limit the conditions, time, place or topics of discovery or to limit the manner in certain information may be revealed. Fed. R. Civ. P. 26(c). Under Fed. R. Civ. P. 5.2(d) the Court "may order that a filing be made under seal without redaction."[3]

16) Local Rule 5.4(b) provides that a party seeking to file under seal must: (1) "set forth the factual and legal basis for departing from the policy that Court filings are public", and (2) "describe the information or documents to be sealed . . . with as much particularity as possible without attaching or revealing the content of the proposed sealed material". Although the general policy within the Southern District of Florida is that court filings are matters of public record, a

---

[3] Alternatively, the Court may also "limit or prohibit a nonparty's remote electronic access to a document filed with the court". Fed. R. Civ. P. § 5.2(e).

court may seal documents in connection with a substantive pre-trial motion where the moving party shows that the balance tips in favor of its interest in keeping the information confidential and against the public's common law right of access. *See Procaps S.A. v. Patheon, Inc.*, 2013 WL 5928586 at * 3 (S.D. Fla. Nov. 1, 2013). *See also Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007).

17) As stated by the Court in *United States v. Cross Care Garden Center*, 2020 WL 257328 (M.D. Fla. May 21, 2020) "Trial courts have the inherent authority and discretion to seal records. . . . Decisions on motions to seal must balance the public's common law right of access against the interests favoring confidentiality. The common law right of access is implicated by any pretrial motion that requires judicial resolution of the merits and can be overcome only by a showing of "good cause." (internal quotations and citations omitted). In determining whether good cause exists, a court should balance the risk of inadvertent disclosure against the risk that the protective order will impair the prosecution or defense of a party's claims. *Chicago Tribune Co. v. Bridgestone/Firestone*, 263 F.3d 1304, 1313 (11th Cir. 2002).

18) In determining whether there is a presumed right of access, the threshold question is whether the document in question is a judicial record because the public's presumed right of access only applies so long as the document in question is a judicial record. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978); *see also F.T.C. v. AbbVie Products LLC*, 713 F.3d 54, 62 (11th Cir. 2013 (only documents that are considered "public or judicial" records are subject to a common law right of access).

19) Plaintiff recognizes that pleadings are generally considered judicial records. *See id.* ("[a] complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public

is to understand a court's decision.")  Exhibits attached or referenced in that pleading are also considered judicial records.  *See id* ("[i]f a complaint is a judicial record, then it follows that attached exhibits must also be treated as judicial records. Indeed, under the Federal Rules of Civil Procedure, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes")(*quoting* Fed. R. Civ. P. 10(c)).

20) The three exhibits referenced here are most likely judicial records because they are incorporated into the Complaint.  Because of this, the presumption of a common law right of access may only be overcome by a showing of good cause "which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero*, 480 F.3d at 1246 (*quoting Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1309 (11th Cir. 2001)).

21) As set forth in *Romero*, the factors considered in balancing the public's right of access against legitimate privacy interests, courts consider whether "allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246.

22) Applying these foregoing factors, Plaintiff submits that the three Exhibits should be sealed.  Although there is a presumption of right of access, there are instances where the privacy interests of individuals outweigh the public's presumed right of access.  Maintaining the privacy of a person's medical history is one such category.  *See Clark v. FDS Bank*, 2018 WL 6503583 *2 (M.D. Fla. Dec. 12, 2018)(" [t]he law recognizes a person's privacy interest in their personal medical information").  In this case, the personal medical information referenced in Ex.

A – Unfiled Complaint is that of a person who is not a party to this action. *See GVB MD v. Aetna Health Inc.*, 2020 WL 1692635 (S.D. Fla. Apr. 7, 2020) (Court struck complaint which attached confidential and protected health information of multiple non-party patients); *Superior Consulting Services, Inc. v. Shaklee Corp.*, 2017 WL 8893811 *2 (M.D. Fla. May 18, 2017)(permitting an Exhibit to be filed under seal that contained the health-related information of a non-party).[4]

23) The fifteen putative defendants named in Ex. A – Unfiled Complaint are also not parties to this action. The settlement agreement reached includes multiple people and entities, including the Patient and the Patient's healthcare providers, who agreed to settle with the understanding that the details of this claim would not be publicized and that this understanding was incorporated into a confidentiality agreement to which Plaintiff is a party.

24) Moreover, the settlement agreement was reached during a pre-suit mediation. Under Fla. Stat. 44.403, a mediation privilege exists that protects from disclosure communications exchanged between the parties during the mediation. In addition, Local Rule 16(g)(2) for the Southern District of Florida states in relevant part that "[a]ll proceedings of the mediation shall be confidential and are privileged in all respects as provided under federal law and Fla. Stat. § 44.405." Under Florida law, a "mediation communication" is an "oral or written statement, or nonverbal conduct intended to make an assertion, by or to a mediation participant made during a mediation, or prior to mediation if made in furtherance of a mediation." *See* Fla. Stat. § 44.403. The Ex. A – Unfiled Complaint that Plaintiff seeks to file under seal was submitted

---

[4] It is Plaintiff's position that she was not a healthcare provider to the Patient referenced in Ex. A- Unfiled Complaint. Nonetheless, because she is in possession of healthcare information related to the Patient and worked at the Clinic where the Patient received treatment, she is filing this Motion in an abundance of caution to not run afoul of 45 CFR 164.402.

in connection with the mediation.

25) The public's interest in the underlying case that has been fully resolved is marginal at best. The Clinic involved has long been closed. While sealing the above-requested documents will not impair this Court's function, not sealing them will harm legitimate privacy interests of the Patient, the fifteen Putative Defendants and may cause injury, not the least of which is to Dr. Daly who agreed to the confidentiality as part of the mediation but is now placed in a position of having to violate it to establish the merits of her claim.

26) The two NPDB reports (Exs. B and C) should also be sealed, albeit for slightly different reasons. Pursuant to 45 C.F.R. § 60.20(a), "[i]nformation reported to the NPDB is considered confidential and shall not be disclosed outside the Department of Health and Human Services, except as specified in §§ 60.17, 60.18 and 60.21 of this part." It is submitted that these exceptions do not apply. *Cf.* Gabros v. Shore Medical Center, 2020 WL 6055151 (D. N.J. Oct. 14, 2020). Any violation of this section could result in a fine of up to $11,000 per violation. See 45 C.F.R. § 60.20 (b). Given that there are two reports at issue, such a fine could conceivably amount to $22,000.

27) There is not a less onerous alternative to sealing the foregoing documents because the importance of Ex. A – Unfiled Complaint is in the fact that Dr. Daly is not referenced in the pleading. The two remaining exhibits, the NPDB reports, are deemed confidential by statute, therefore sealing appears to be the only available remedy.

28) To the extent that this Court is inclined to deny the motion, it is respectfully requested that the Patient's name together with all other personal identifying information be redacted in all filings.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests an order as follows:

a) granting the Motion to Seal;

b) directing that an unredacted version of Ex. A - Unfiled Complaint be filed under seal in accordance with Fed. R. Civ. P. 5.2(d);

c) directing that an unredacted version of Ex. B - 04/21/2020 NPDB Report be filed under seal in accordance with Fed. R. Civ. P. 5.2(d);

d) directing that an unredacted version of Ex. C - 03/24/2021 NPDB Report be filed under seal in accordance with Fed. R. Civ. P. 5.2(d);

e) directing that the duration of the seal shall be for no more than one year or until further order from the Court, and

f) granting such other and further relief as this Court deems just and equitable in the circumstances.

## Local Rule 7.1(a)(3) Certification

Plaintiff has conferred at length with counsel for Defendant Markel and has shared a copy of this motion in draft form. At the time of this filing, Plaintiff has not heard definitively from Markel as to its position on the relief sought herein.

Dated: October 25, 2021

THE LAW OFFICE OF KATHLEEN A. DALY, P.A.

By: *Kathleen A. Daly*

    Kathleen A. Daly

*Attorneys for Plaintiff, Rosemary Daly, DO*

515 N. Flagler Drive, Ste. P-300
West Palm Beach, Florida 33401
Tel: (917) 301-2437 and (561) 293-8514
Fax: (800) 395-8692
kdaly@kadalylaw.com